**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| A. GLENN DIDDEL, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4811 |
| | § | |
| THOMAS M. DAVIS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

  A. Glenn Diddel, III, a lawyer who lives and works in Texas, filed this suit in Texas state court, alleging that the defendants had conspired to file a frivolous grievance against him with the State Bar of Texas and to file a frivolous lawsuit against him in Florida. The grievance and the Florida lawsuit arise from Diddel's involvement in a failed Florida real estate transaction. The grievance was filed by the would-be purchaser of the property, Thomas M. Davis, a Maryland resident. The Florida lawsuit was filed on Davis's behalf by two lawyers: Ronald S. Canter, Esq., of Maryland and Leif Grazi, Esq., of Florida. The grievance has been dismissed; the Florida suit remains pending. In this suit, Diddel alleges that because the grievance and the lawsuit were frivolous, all three defendants are liable for damages under Texas law for conspiracy to commit an unlawful act and for intentional infliction of emotional distress. Defendants removed to this court on the basis of diversity jurisdiction, which is not challenged.

Defendants have filed motions to dismiss for lack of personal jurisdiction and, alternatively, to transfer the venue of this case to Florida, where the lawsuit against Diddel is pending. Based on a careful review of the pleadings, the motions, responses, and reply, and the applicable law, this court grants all defendants' motions to dismiss for lack of personal jurisdiction as to the claims arising from the Florida lawsuit and grants Grazi's motion to dismiss the claims against him arising from the Texas grievance. This court denies Davis's and Canter's motions to dismiss as to the claims arising from the filing of the grievance with the State Bar of Texas. The motions to transfer venue are also denied. As to the only claims remaining in this case, defendants Davis and Canter are ordered to file a dispositive motion under either Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure, based on immunity for complainants who file a grievance or other available grounds, no later than June 17, 2005. If, after Diddel has responded, the motion to dismiss or for summary judgment is denied, this court will consider whether to stay this suit pending the outcome of the Florida case. The reasons for these rulings are stated below.

**I.     Background**

In a lengthy complaint, Diddel recounts in detail the events relating to his efforts to sell a parcel of Florida land from the estate of his deceased father. According to Diddel, probate issues remained unresolved and delayed the closing of the transaction. In February 2003, Davis entered into a contract to purchase the property for a price of $15,000. In September 2003, Diddel was informed that Davis was represented by a lawyer named Ronald Canter. In July 2004, Canter sent a letter to Diddel in Houston. Canter attached a draft of

a complaint alleging fraud in the inducement and breach of the contract to sell the Florida real estate. The alleged fraud was that Diddel had represented himself as the owner of the property. Canter's letter explained that counsel in Florida had been engaged and that the proposed complaint would be filed in Florida state court.

Approximately a week later, Diddel received correspondence from the State Bar of Texas, stating that Davis had filed a grievance against him. In the grievance, Davis accused Diddel of fraud in the real estate contract. The State Bar had investigated and dismissed the grievance.

In September 2004, Diddel was served with process in the Florida lawsuit. Diddel removed that suit to federal court in the Southern District of Florida, where it is pending.

In December 2004, Diddel filed this suit in Texas state court. Defendants timely removed. Diddel alleges that the defendants conspired commit tortious acts, specifically, filing a frivolous grievance against him with the State Bar of Texas and filing a frivolous lawsuit in Florida. Diddel argues that both actions were taken to accomplish a forced sale of the Florida property, which had increased in value since Davis signed the contract. Davis does not specify the nature of the underlying tortious acts under Texas law, but they appear to be malicious prosecution, defamation, and intentional infliction of emotional distress.

Each of the three defendants has moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Southern District of Florida, to be coordinated with the pending related case. In that case, a magistrate judge has recommended the denial of a motion to enjoin Diddel from pursuing the Texas case, based primarily on the reluctance

of one court to interfere in the affairs of another.[1]  For the reasons set out below, this court grants Grazi's motion to dismiss; grants the motions to dismiss the claims arising from the lawsuit in Florida filed against Diddel; and denies the motions to dismiss filed by Davis and Canter arising from the grievance in Texas filed against Diddel.  The motion to transfer is denied.  Davis and Canter must file any additional motion to dismiss or for summary judgment on the basis of immunity for filing a grievance or other dispositive grounds no later than June 17, 2005.  The reasons for these rulings is set out below.

## II.    Discussion

To exercise personal jurisdiction over a nonresident defendant, two requirements must be met.  First, the nonresident defendant must be amenable to service of process under a State's long-arm statute.  *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).  Second, the assertion of *in personam* jurisdiction must be consistent with the 14th Amendment's Due Process Clause.  The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which the individual has established no meaningful "contacts, ties, or relations."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 ( 1985), *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945).  Requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S. Ct.

---

[1] Diddel's motion for leave to supplement the response to include the ruling in the Florida case is granted.  (Docket Entry No. 32).

2569, 2587, 53 L. Ed. 2d 683 ( 1977) (Stevens,  J., concurring), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King*, 471 U.S. at 474, 105 S. Ct. at 2183, *citing World-Wide Volkswagen Corp. v. Woodson*, 44 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980).

Due process will not be offended if the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316, 66 S. Ct. at 158, *quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L. Ed. 2d 278 (1940). When an action "arises out of" a defendant's contacts with the forum, a "relationship among the defendant, the forum, and the litigation" is the essential foundation of *in personam* jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 2579, 53 L. Ed. 2d 683 (1977).  This type of jurisdiction, in which the suit arises out of or is related to the defendant's contacts with the forum, is commonly referred to as "specific jurisdiction." *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 1872 n.8, 80 L. Ed. 2d 404 (1984).  When the litigation "arises out of" a defendant's contacts with the forum, a "relationship among the defendant, the forum, and the litigation" is the essential foundation of specific jurisdiction. *Shaffer*, 433 U.S. at 204, 97 S. Ct. at 2579. There must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of

its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239–40, 2 L. Ed. 2d 1283 (1958). The "purposeful availment" element "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, . . . or of the 'unilateral activity of another party or a third person.'" *Burger King Corp.*, 471 U.S. at 475, 105 S. Ct. at 2183.

In Texas, the exercise of personal jurisdiction over a nonresident defendant is proper where: 1) the defendant has committed an act that confers jurisdiction under the Texas long-arm statute; and 2) the exercise of jurisdiction under that statute does not deprive the defendant of the due process of law guaranteed by the Fourteenth Amendment of the United States Constitution. *See Burger King Corp.*, 471 U.S. at 474, 105 S. Ct. at 2183; *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 645 (5th Cir.), *cert. denied*, 125 S. Ct. 623 ( 2004). The Texas long-arm statute provides that a nonresident does business in Texas if the nonresident commits a tort in whole or in part in Texas. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042(2) (Vernon Supp. 2004). Because courts have interpreted the Texas long-arm statute to extend to the limits of due process, see *Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003), the sole inquiry is whether the assertion of personal jurisdiction over a defendant comports with federal constitutional requirements. *Id.*; *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992). Obtaining personal jurisdiction over a nonresident comports with constitutional requirements if (1) the nonresident purposefully availed himself of the benefits and protections of Texas law by establishing minimum contacts with Texas such that he could reasonably anticipate being haled into court in Texas, and (2) the exercise of

jurisdiction does not offend traditional notions of fair play and substantial justice. *See Cent. Freight Lines*, 322 F.3d at 380.

A court exercises "specific jurisdiction" over a defendant if the cause of action alleged arises out of or is related to the defendant's contacts with the forum. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) *cert. denied* 540 U.S. 1111, 124 Sup. Ct. 1085, 157 L. Ed. 2d 889,(2004); *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 344 (5th Cir. 2002). Even a single contact can support specific jurisdiction if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The non-resident's "purposeful availment" must be "'such that [the defendant] should reasonably anticipate being haled into court'" in the forum state. *Revell v. Lidov*, 317 F.3d 469, 475 (5th Cir. 2002) (quoting *Burger King*, 471 U.S. at 474). "To exercise specific jurisdiction, the court must examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). Specific jurisdiction requires a sufficient nexus between the nonresident defendant's contacts with the forum and the cause of action. *Rittenhouse v. Mabry,* 832 F.2d 1380, 1390 (5th Cir. 1987).

Diddel argues that he has presented a *prima facie* case for exercising specific jurisdiction over Davis, Canter, and Grazi because they either committed a tort in Texas —

filing a frivolous grievance — or because they committed a tort outside Texas — filing a frivolous lawsuit — knowing that the effects of the tort would be felt on Diddel in Texas. For the second point, Diddel relies on *Calder v. Jones*, 465 U.S. 783 (1984). The Supreme Court in *Calder* upheld specific jurisdiction in a California court over Florida defendants who had written an allegedly defamatory article about the California plaintiff. The basis of jurisdiction was the article's effect on the plaintiff's reputation in California. 465 U.S. at 789. The Supreme Court found that the "plaintiff [was] the focus of the activities of the defendants . . . and the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California." *Id.* at 788–89. The Court concluded that the defendants must have "'reasonably anticipate[d] being haled into court there' to answer for the truth of the statements made in their article." *Id.* at 790 (quoting *World-Wide Volkswagen*, 444 U.S. at 297). "[T]he key to *Calder* is that the effects of an alleged intentional tort are to be assessed as *part* of the analysis of the defendant's relevant contacts with the forum." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (internal citations and quotations omitted). "Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999). "[T]he mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th

Cir.1995) (cited in *Panda Brandywine Corp.*, 253 F.3d at 868). In *Panda Brandywine Corp.*, the Fifth Circuit further explained:

> *Calder*'s "effects test" is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state. [T]he key to *Calder* is that the effects of an alleged intentional tort are to be assessed as part of the analysis of the defendant's relevant contacts with the forum. Appellants' allegations, even if true, only relate to the foreseeability of causing injury in Texas, which is not a "sufficient benchmark" for specific jurisdiction. . . . To conclude that a defendant should "reasonably anticipate" being haled into the forum State requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," or "purposefully directs" its efforts toward the forum State residents.

253 F.3d at 869.

Diddel contends that Davis and his two lawyers "conspired" to commit the wrongful acts of filing the grievance in Texas and filing the lawsuit in Florida.[2] Civil conspiracy is defined as "a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Conspiracy is a derivative tort that depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *Id.* To the extent Diddel's conspiracy claim is premised on the underlying torts over which the court does not have personal jurisdiction, the conspiracy claim similarly must be dismissed.

### A.     The Filing of the Grievance in Texas

---

[2]     In their replies to Diddel's response to the motions to dismiss for lack of personal jurisdiction, Davis, Canter, and Grazi raise arguments that on the merits, none of the claims asserted are valid bases for recovery. Because these arguments were not raised in the initial motions, they are not considered at this time.

The record reveals that there is personal jurisdiction over Davis arising out of the filing of the grievance against Diddel in Texas. It is undisputed that Davis filed a grievance against Diddel with the State Bar of Texas, complaining of Diddel's representations and conduct in the Florida land transaction. By filing that grievance, Davis purposefully invoked the benefits and protections of the laws of the State of Texas. He reasonably should have expected to be "haled into" a Texas court in a case arising out of the filing of the grievance. This court has personal jurisdiction over Davis as to the claim that he filed a frivolous grievance against Diddel with the State Bar of Texas.

Diddel does not allege that Grazi was involved in the filing of the grievance. Diddel does allege that Canter was involved in the filing of the grievance. To establish a *prima facie* case for personal jurisdiction over Canter, Diddel must provide a factual basis for each element of the conspiracy claim. *See Bullion v. Gillespie*, 895 F.2d 213, 216-17 (5th Cir.1990); *Thomas v. Kadish*, 748 F.2d 276, 282 (1984) (affirming dismissal of claims against California defendants for lack of personal jurisdiction when the plaintiff stated only conclusory allegations of conspiracy based upon the defendants' acts in California and the alleged effects of the conspiracy in Texas). Diddel has alleged that Canter was involved in Davis's decision to file the grievance and argued that the "lawyer-like language" used in the grievance supports Canter's involvement. The factual allegations of conspiracy are sufficient to state a cause of action, *see Guidry v. United States Tobacco Co., Inc.*, 188 F.3d 619, 631–32 (5th Cir. 1999). Although Davis and Canter may be able to assert immunity or other affirmative defense that would preclude a right to recovery, the allegations are a sufficient

predicate for an exercise of jurisdiction over Canter and Davis, as limited to the claim that they filed a frivolous grievance against Diddel.

By contrast, there is no allegation that Grazi was involved in the filing of the grievance; the conspiracy allegation as to Grazi is not a sufficient basis to subject him to personal jurisdiction in Texas. *See, e.g., Thomas*, 748 F.2d at 282 (holding that the effects of an alleged conspiracy in the forum state are insufficient to grant the court personal jurisdiction over nonresident coconspirators); *see also Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995) ("[W]e decline to recognize the assertion of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident in the forum state.") ("[D]ue process will not permit the plaintiff to use insignificant acts in the forum to assert jurisdiction over all co-conspirators."); *Hawkins v. Upjohn Co.*, 890 F.Supp. 601, 608–609 (S.D. Tex.1994).

### B.     The Florida Lawsuit

Diddel has not made a showing that a Texas court has personal jurisdiction over any of the defendants arising from the allegations that they filed a frivolous lawsuit against him. It is undisputed that the lawsuit was filed in Florida and alleged improprieties in a Florida land transaction. The only conduct alleged on the part of the defendants relating to the lawsuit connected to Texas is the mailing of the draft complaint to Diddel; the fact that service was effected on Diddel in Texas; and the allegations that Diddel suffered harmful effects in Texas.

In *Allred v. Moore & Peterson*, 117 F.3d 278 (5th Cir. 1997), the court faced a

jurisdiction problem similar to the present case. In *Allred*, the plaintiff was a Mississippi resident who filed a suit in state court in Mississippi, alleging that various Texas and Louisiana lawyers had filed a frivolous third-party complaint against him in a Louisiana lawsuit. In that case, as here, the lawyers had no other connection to the forum state. In that case, as here, the only relevant conduct on the part of the nonresident defendants was the filing of a lawsuit against the resident plaintiff in another state, mailing the complaint to the plaintiff in the forum state, and effecting service of process on the plaintiff in the forum state. The district court dismissed the nonresident defendant lawyers for lack of personal jurisdiction. The Fifth Circuit affirmed. The court applied the Mississippi long-arm statute, which, like the Texas counterpart, allows personal jurisdiction over a nonresident defendant for a tort claim if any element of the tort takes place in the state. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2) (Vernon Supp. 2004); MISS. CODE ANN. § 13-3-57 (Rev. 2002). In Mississippi, as in Texas, it is not sufficient that injuries were incurred in Texas. *See Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753-54 (5th Cir. 1996); *Addison Ins. Mktg. Inc. v. Evans*, No. Civ.A. 3:02-CV-0994, 2002 WL 31059806, at * 7 (N.D. Tex. Sept. 12, 2002).

The court in *Allred* analyzed the elements of the causes of action arising from the facts alleged in the complaint in its jurisdictional analysis. The court concluded that neither a malicious prosecution claim, an abuse of process claim, nor, by analogy, a defamation claim, would support the exercise of personal jurisdiction over the out of state attorneys. The court found that no element of the tort of malicious prosecution was committed in the forum state; the allegedly malicious proceeding was instituted when the litigation was filed, not when

service of process occurred or when a copy of the draft complaint was delivered. 117 F.3d at 283–84. The same is true of the Texas law of malicious prosecution. *See Morris v. Hargrove*, 351 S.W.2d 666, 667 (Tex. Civ. App.—Austin 1961, writ ref'd n.r.e.); TEX. R. CIV. P. 22. The court in *Allred* also held that there was no basis for an abuse of process claim under Mississippi law. 117 F.3d at 284. The same is true under Texas law. *See J.C. Penney Co. v. Gilford*, 422 S.W. 2d 25, 31 (Tex. Civ. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.) (holding that "the mere issuance of process is not actionable as abuse of process").

Finally, the Fifth Circuit held that viewing the claim as a defamation case provided no basis for personal jurisdiction. The plaintiff in *Allred* argued that the allegedly tortious act — the filing of the frivolous suit in a different state — was aimed at the forum state and the nonresident defendants knew that their acts would have an impact on the plaintiff in the forum state. The court in *Allred* rejected this argument as a basis for personal jurisdiction in the forum state:

> In the defamation cases cited by Allred, the allegedly tortious acts—the publication of defamatory statements—were expressly aimed at the forum state and the nonresident defendants knew that their acts would have an impact on the plaintiff in the forum state. *See, e.g., Calder*, 465 U.S. at 787-90, 104 S.Ct. at 1486-87 (allegedly libelous article about plaintiff's drinking habits published in 604,000 copies of the National Enquirer sold in the forum state); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 333 (5th Cir. 1982) (single, defamatory telephone call directed at the forum state). The service of process here, however, is qualitatively different than the publication of a defamatory statement or article. In our view, it is simply not a part of either Mississippi's malicious prosecution or abuse of process tort; and, even if it were, it would constitute only the smallest portion of

> one element of the claim. This is not the case with the publication element of a defamation tort. That the "effects" test of *Calder* applies outside of the defamation context is clear; but the effects test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state. Any publication in this case occurred in Louisiana, upon the filing in the federal court there of the third party complaint, a public document. There was no publication in Mississippi, the process and complaint simply arrived at Allred's office there by mail in an envelope addressed to him. Any "effects" in this case are essentially the effects of being sued in the Louisiana case, and it is immaterial to these effects when, where or how service was affected (unlike the relation between the "effects" of a libel and the place of its publication).

117 F.3d at 285-86.

Similarly, Diddel's receipt in Texas of a mailed draft complaint and service of process on Diddel in Texas of the complaint filed in Florida does not provide a basis for personal jurisdiction over the lawyers from Maryland and Florida who filed the lawsuit against Diddel in Florida.  Any "effects" in Texas are effects of being sued in the Florida case, and the delivery of the complaint and service of process did nothing to "publish" the contents of the complaint in Texas so as to create foreseeable effects in Texas that could serve as the basis for personal jurisdiction over the nonresident defendants.

As in *Allred*, the addition of a conspiracy allegation adds no merit to the assertion that the nonresident defendants' delivery of a draft complaint on the plaintiff by mail in the forum state and service of process on the plaintiff  in the forum state of a lawsuit filed in another state was sufficient to establish in personam jurisdiction in the forum state.  As in *Allred*, there is no allegation of any conspiracy that occurred in the forum state, as opposed to the state in

which the lawsuit was filed. *See Allred*, 117 F.3d at 285.

Other courts have reached similar results. *See, e.g., Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir.1995); *Wallace v. Herron*, 778 F.3d 391, 395 (7th Cir. 1985); *Miner v. Rubin & Fiorella, LLC*, 242 F. Supp.2d 1043, 1046 (D. Utah 2003).

"Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show the assertion of jurisdiction would be unfair." *Wien Air Alaska, Inc*., 195 F.3d at 215. The interests to balance in this determination are "the burden on the defendant having to litigate in the forum, the forum state's interests in the lawsuit, the plaintiff's interests in convenient and effective relief, the judicial system's interests in the lawsuit, the plaintiff's interests in convenient and effective relief, the judicial system's interest in efficient resolution of controversies, and the state's shared interest in furthering fundamental social policies." *Id*. To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, a defendant must make a "compelling case" against it. *Id*. (quoting *Burger King Corp*., 471 U.S. at 477).

In the present case, the court has found minimum contacts exist solely for Diddel's claim arising from the filing of the allegedly frivolous grievance with the State Bar of Texas. Three factors weigh in favor of Texas's assertion of personal jurisdiction as to that claim. Texas has an interest in resolving that claim because Diddel is a Texas resident and it involves the invocation of Texas state law and the Texas disciplinary rules. Diddel has an interest in this case proceeding in Texas because he resides in Texas and is licensed to practice law in

Texas. One factor weighs against Texas's assertion of personal jurisdiction. Because the court lacks personal jurisdiction over defendants with respect to one claim and has jurisdiction with respect to the other claim, Diddel will be forced to pursue his other claim against the nonresident defendants in another forum. While it is not the most efficient resolution of the controversies between Diddel and the defendants, they have not made a "compelling case" that the exercise of jurisdiction offends traditional notions of fair play and substantial justice. Because Diddel has established a *prima facie* case of minimum contacts between defendants and Texas as to Diddel's claim arising from the filing of the allegedly frivolous grievance, this court has personal jurisdiction over Davis.

Some courts have suggested that once a court has established personal jurisdiction with respect to one claim, it might be appropriate to exercise so-called pendent personal jurisdiction over claims arising from a common nucleus of operative facts. *See Data Disc., Inc. v. Sys. Tech. Assoc., Inc*., 557 F.2d 1280, 1289 n.8 (9th Cir. 1977) ("[I]f the court determines that there has been a sufficient showing of personal jurisdiction to reach trial with regard to one claim, but not the other, it may or may not be appropriate to assume jurisdiction over the other claim under principles analogous to the doctrine of pendent jurisdiction."); *Nat'l "Write Your Congressman" Club, Inc. v. Jackson,* No. 3:96-CV-1288-D, 1996 WL 707013, at *3 (N.D. Tex. Dec. 4, 1996) ("Because the court possesses jurisdiction over Jackson with respect to National's tort claims, it also has personal jurisdiction over Jackson with respect to National's breach of contract claim. . . .The court need not decide in this case whether this concept is best understood under the rubric 'pendent personal jurisdiction,' which

holds that a court has jurisdiction over any claim that arises out of a common nucleus of facts with claims as to which personal jurisdiction exists."). For example, in *Hargrave v. Oki Nursery, Inc.*, the Second Circuit interpreted 28 U.S.C. § 1332 as authorizing the assertion of personal jurisdiction over claims that were not within the New York long-arm statute but shared a common nucleus of operative facts with claims that were within the long-arm statute. 646 F.2d 716 (2d Cir.1980). However, in *Hargrave*, the court explicitly recognized that the assertion of pendent personal jurisdiction comported with the requirements of due process because "defendant clearly had sufficient contacts with New York to justify subjecting it to the entire action in New York." *Id.* at 718. In contrast, the Texas long-arm statute extends to the limits of due process. *Revell*, 317 F.3d at 470. Therefore, the exercise of pendent personal jurisdiction in this case would not comport with the requirements of due process. *See* 4A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE 3d § 1069.7 (2002) ("[I]t would be unconstitutional for a state pendent personal jurisdiction policy to capture claims that fall outside of the Fourteenth Amendment's due process limits on the state's long-arm statute itself."). In this case, even if this court were to find that the claim of a frivolous grievance filed with the State Bar of Texas and the claim of a frivolous lawsuit filed in the State of Florida arise from a common nucleus of operative facts, the exercise of pendent personal jurisdiction would not comport with the requirements of due process. *See Stelax Indus., Ltd. v. Donahue,* No. 3:03-CV-923-M, 2004 WL 733844, at *8–9 (N.D. Tex. Mar 25, 2004). Accordingly, the only basis for personal jurisdiction over the nonresident defendants is the claim for wrongfully filing the grievance with the State Bar of Texas.

## III. The Motions to Transfer

There are two statutory bases for transferring venue. Section 1404(a), which applies when venue in the transferor court is proper, states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Section 1406(a) applies when venue in the transferor court is improper.[3] Section 1406(a) gives a court discretion to "transfer such case to any district or division in which it could have been brought . . . if it be in the interest of justice." 28 U.S.C. §1406(a). This court may transfer this case "in the interest of justice," whether or not personal jurisdiction and venue are proper in this forum. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *see also Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1106–07 (5th Cir. 1981) (holding that where a transferor court lacks personal jurisdiction, transfer may be properly made under either section 1404(a) or section 1406(a)); *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967) (stating that section 1406(a) provides a basis for transfer to avoid an obstacle to adjudication on the merits, including improper venue and lack of personal jurisdiction).

---

[3] In diversity cases, venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

This court declines to transfer this suit to Florida, for some of the reasons that the judge in Florida declined to enjoin the prosecution of this case. As limited to the claim of the wrongful filing of the Texas grievance, this case raises discrete issues that are not so inextricably linked with the issues in the Florida case as to justify disregarding Diddel's choice of his home state as the forum. Diddel has also identified Texas witnesses who are only involved in that aspect of the suit who would be greatly inconvenienced by a Florida forum. At the same time, this court recognizes that there is a relationship between the outcome of the Florida suit and the present case. The outcome of Davis's claims of breach of contract and fraud may have preclusive effects on the remaining claim asserted against defendants in this suit. Accordingly, this court orders defendants to file a dispositive motion under either Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure, no later than June 17, 2005. If, after Diddel has responded, this court denies the motion to dismiss or for summary judgment, it will likely stay this suit pending the outcome of the Florida case.

## IV.  Conclusion

This court grants all defendants' motions to dismiss for lack of personal jurisdiction as to the claims arising from the Florida lawsuit. This court grants Grazi's motion to dismiss the claims against him arising from the Texas grievance. This court denies Davis's and Canter's motions to dismiss as to the claims arising from the filing of the grievance with the State Bar of Texas. The motions to transfer venue are also denied. As to the only claims remaining in this case, defendants Davis and Canter are ordered to file a dispositive motion

under either Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure, based on immunity for complainants who file a grievance or other dispositive ground, no later than June 17, 2005. If, after Diddel has responded, this court denies the motion to dismiss or for summary judgment, this court will consider a motion to stay this suit pending the outcome of the Florida case.

       SIGNED on June 2, 2005, at Houston, Texas.

                                                                              _____

                                                                       Lee H. Rosenthal
                                                   United States District Judge